UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ELVIN R. ANDINO,
And other similarly situated individuals,

    Plaintiff (s),

v.

J.E.M. CAPITEL DESIGN CORP.,
a/k/a JEM DRYWALL, and
JORGE E. MENDEZ, individually,

    Defendants,
_____/

# COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ELVIN R. ANDINO and other similarly situated individuals, by and through the undersigned counsel, and sues Defendants J.E.M. CAPITEL DESIGN CORP., a/k/a JEM DRYWALL, and JORGE E. MENDEZ, individually, and alleges:

1. This is an action to recover money damages for unpaid half-time overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ELVIN R. ANDINO is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant J.E.M. CAPITEL DESIGN CORP., a/k/a JEM DRYWALL (hereinafter JEM DRYWALL, or Defendant) is a Florida Profit Corporation having a place of business in Dade County, Florida, where Plaintiff worked for Defendant. Defendant is engaged in interstate commerce. Defendant JEM DRYWALL JEM DRYWALL was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. The individual Defendant JORGE E. MENDEZ was and is now, the owner/officer and manager of Defendant Corporation JEM DRYWALL. Defendant JORGE E. MENDEZ is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff ELVIN R. ANDINO as a collective action to recover from Defendants overtime compensation, liquidated damages, retaliatory damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked over forty (40) hours during one or more weeks on or after July 2020 (the "material time") without being compensated overtime wages according to the FLSA.

7. Defendant JEM DRYWALL is a general construction contractor, dedicated to the construction of residential, commercial, and industrial projects.

8. Defendants JEM DRYWALL and JORGE E. MENDEZ employed Plaintiff ELVIN R. ANDINO as a non-exempted full-time construction worker from approximately July 21, 2020, to December 07, 2020, or 20 weeks.

9. Plaintiff had duties as a general construction worker and as an installer of windows, doors, and kitchen and bathroom cabinets. Plaintiff was paid at the rate of 15.00 an hour. Plaintiff had a wage-rate increase to $16.00 for 1 week.

10. Plaintiff reported directly to the worksite and he worked under the direct supervision of the owner of the business JORGE E. MENDEZ.

11. While employed by Defendants Plaintiff worked weeks of 6 and 7 days per week. Plaintiff worked as follows:

12. <u>1.- First period, from July 21, 2020, to approximately August 31, 2020</u>, or 6 weeks, Plaintiff worked 6 days per week, from Mondays to Saturday, from 7:00 AM to 3:30 PM (8.5 hours daily), for a total of 48 hours, (Plaintiff has deducted 3 hours corresponding to 0.5 lunch hour taken daily).

13. <u>2.- Second period, from September 01, 2020, to December 07, 2020</u>, or 14 weeks, Plaintiff worked 7 days per week, from Mondays to Saturdays, from 7:00 AM to 3:30 PM (8.5 hours daily), for a total of 56 hours, (Plaintiff has deducted 3.5 hours corresponding to 0.5 lunch hour taken daily).

14. Plaintiff worked more than 40 hours every week, and he was paid for all his hours at regular wage-rate. However, Plaintiff never was properly compensated for overtime hours worked.

15. Plaintiff did not clock in and out, but Defendants were in control of Plaintiff's working hours because he was supervised by the owner of the business, who determined Plaintiff's working schedule.

16. Therefore, Defendants willfully failed to pay Plaintiff, and other similarly situated employees, overtime hours at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act.

17. Plaintiff was paid weekly with checks covering 40 regular hours. Any hour over 40 was paid at a regular rate in cash by direct deposit. Plaintiff was paid with company checks from J.E.M. Capitel Design Corp. and Jem Drywall. Plaintiff received paystubs that did not show the real number of days and hours worked, wage rate paid etc.

18. Plaintiff disagreed with the lack of overtime hours payment every week, and on multiple occasions, he complained to the owner of the business. He promised to fix the problem.

19. Plaintiff got a wage-rate increase to $16.00 an hour. Nevertheless, on or about December 06, 2020, Plaintiff complained to JORGE E. MENDEZ again. Plaintiff requested not only a wage-rate increase but to be paid for overtime hours.

20. The next day, as a result of Plaintiff's complaints, the owner of the business JORGE E. MENDEZ fired Plaintiff.

21. There was no reason to fire Plaintiff other than his complaints requesting to be paid for overtime hours at the rate of time and one-half his regular rate.

22. Plaintiff ELVIN R. ANDINO seeks to recover unpaid overtime hours, liquidated damages, retaliatory damages, and any other relief as allowable by law.

23. In addition, Plaintiff demands to be paid for 10 hours worked right before his firing ($160.00) that were not paid to him at the time of his termination.

24. At this time, Plaintiff is not in possession of complete-time and payment records, but he will provide a good faith estimate of unpaid wages based on his best recollections.

25. The additional persons who may become Plaintiffs in this action are/were non-exempted hourly employees who worked more than forty (40) hours during one or more workweeks during the relevant period, but who did not receive pay at one and one-half times their regular rate for their hours worked over forty (40) hours.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1); FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

26. Plaintiff ELVIN R. ANDINO re-adopts each factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

27. This action is brought by Plaintiff ELVIN R. ANDINO, and those similarly situated, to recover from his employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

28. The employer JEM DRYWALL was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a construction company that provides its services to companies engaged in interstate commerce. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was over $500,000 per annum. Therefore, there is enterprise coverage.

29. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, handling and working on goods and materials and that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

30. Defendants JEM DRYWALL and JORGE E. MENDEZ employed Plaintiff ELVIN R. ANDINO as a non-exempted full-time construction worker from approximately July 21, 2020, to December 07, 2020, or 20 weeks.

31. During his employment, Plaintiff was paid at the rate of 15.00 and $16.00 an hour.

32. While employed by Defendants Plaintiff worked weeks of 6 and 7 days per week. Plaintiff worked as follows:

33. <u>1.- First period, from July 21, 2020, to approximately August 31, 2020</u>, or 6 weeks, Plaintiff worked 6 days per week, a total of 48 hours, (Plaintiff has deducted 3 hours corresponding to 0.5 lunch hour taken daily).

34. <u>2.- Second period, from September 01, 2020, to December 07, 2020</u>, or 14 weeks, Plaintiff worked 7 days per week, a total of 56 hours, (Plaintiff has deducted 3.5 hours corresponding to 0.5 lunch hour taken daily).

35. Plaintiff worked more than 40 hours every week, and he was paid for all his hours at his regular wage-rate. However, Plaintiff never was properly compensated for overtime hours worked.

36. Plaintiff did not clock in and out, but Defendants were in control of Plaintiff's working hours because he was supervised by the owner of the business, who determined Plaintiff's working schedule.

37. Therefore, Defendants willfully failed to pay Plaintiff, and other similarly situated employees, overtime hours at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act.

38. Plaintiff was paid weekly with checks covering 40 regular hours. The hours over 40 were paid at a regular rate in cash or by direct deposit. Plaintiff was paid with company checks from J.E.M. Capitel Design Corp. and Jem Drywall. Plaintiff received paystubs that did not show the real number of days and hours worked.

39. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation paid to such employees should be in the

possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

40. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

42. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

43. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

*Plaintiff is not in possession of time and payment records, and he is providing this preliminary good faith estimate of the unpaid half-time overtime, based on his best recollections. Plaintiff will amend his calculations after proper discovery.

  a. <u>Total amount of alleged unpaid O/T wages</u>:

  Two Thousand Forty-Eight Dollars and 00/100 ($2,048.00)

  b. <u>Calculation of such wages</u>:

  Total weeks of employment: 20 weeks
  Total number of relevant weeks: 20 weeks

**1.- O/T Calculations from July 21, 2020 to approximately August 31, 2020, or or 6 weeks,**

Relevant weeks: 6 weeks
Total number of days worked: 6 days per week
Average hours worked weekly: 48 hours
Overtime hours weekly: 8 O/T hours weekly
Paid: $720.00 weekly: 48 hours= $15.00 an hour
Regular rate: $15.00 x 1.5=$22.50 O/T rate-$15.00 rate paid=$7.50
Half-time difference: $7.50

    Half-time $7.50 x 8 O/T hours=$60.00 weekly x 6 weeks=$360.00

**2.- O/T Calculations from September 01, 2020, to December 07, 2020, or 14 weeks**

  a.- Relevant weeks: 13 weeks
    Total number of days worked: 7 days per week
    Average hours worked weekly: 56 hours
    Overtime hours weekly: 16 O/T hours weekly
    Paid: $840.00 weekly: 56 hours= $15.00 an hour
    Regular rate: $15.00 x 1.5=$22.50 O/T rate-$15.00 rate paid=$7.50
    Half-time difference: $7.50

    Half-time $7.50 x 16 O/T hours=$120.00 weekly x 13 weeks=$1,560.00

  b.- Relevant weeks: 1 week
    Total number of days worked: 7 days per week
    Average hours worked weekly: 56 hours
    Overtime hours weekly: 16 O/T hours weekly
    Paid: $896.00 weekly: 56 hours= $16.00 an hour
    Regular rate: $16.00 x 1.5=$24.00 O/T rate-$16.00 rate paid=$8.00
    Half-time difference: $8.00

    Half-time $8.00 x 16 O/T hours=$128.00 weekly x 1 week=$128.00

    Total #1 and #2: $2,048.00

  c. <u>Nature of wages (e.g. overtime or straight time):</u>

    This amount represents unpaid half-time overtime wages.

44. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act, but no provision was made by the Defendants to properly pay him at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid

employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked over forty.

45. At the times mentioned, individual Defendant JORGE E. MENDEZ was the owner/president and manager of JEM DRYWALL. Defendant JORGE E. MENDEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of JEM DRYWALL concerning its employees, including Plaintiff and others similarly situated. Defendant JORGE E. MENDEZ, had financial and operational control of the corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

46. Defendants JEM DRYWALL and JORGE E. MENDEZ knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

47. Defendants JEM DRYWALL and JORGE E. MENDEZ willfully and intentionally refused to pay Plaintiff ELVIN R. ANDINO overtime wages as

required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

48. Plaintiff seeks to recover for unpaid overtime wages accumulated during his time of employment.

49. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ELVIN R. ANDINO and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ELVIN R. ANDINO and other similarly situated and against the Defendants JEM DRYWALL and JORGE E. MENDEZ, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked over forty weekly, with interest; and

C. Award Plaintiff ELVIN R. ANDINO an equal amount in double damages/liquidated damages; and

D. Award Plaintiff ELVIN R. ANDINO reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ELVIN R. ANDINO and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF ELVIN R. ANDINO; PURSUANT TO 29 U.S.C. 215(a)(3); AGAINST ALL DEFENDANTS

50. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

51. The employer JEM DRYWALL was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a construction company that provides its services to companies engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto in excess of $500,000 per annum. Therefore, there is enterprise coverage.

52. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by handling and working on goods and materials that were produced for commerce and moved across State lines at any time in the course of business. Therefore, there is individual coverage.

53. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

54. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

55. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

56. Defendants JEM DRYWALL and JORGE E. MENDEZ employed Plaintiff ELVIN R. ANDINO as a non-exempted full-time construction worker from approximately July 21, 2020, to December 07, 2020, or 20 weeks.

57. During his employment, Plaintiff was paid at the rate of 15.00 and $16.00 an hour.

58. While employed by Defendants Plaintiff worked weeks of 6 and 7 days per week, a minimum of 48 and 56 hours weekly. (Plaintiff has already deducted lunch hours taken daily).

59. Plaintiff worked more than 40 hours every week, and he was paid for all his hours at his regular wage-rate. However, Plaintiff never was properly compensated for overtime hours worked.

60. Plaintiff did not clock in and out, but the Defendants were in control of Plaintiff's working hours because he was supervised by the owner of the business, who determined Plaintiff's working schedule.

61. Therefore, Defendants willfully failed to pay Plaintiff, and other similarly situated employees, overtime hours at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act.

62. Plaintiff disagreed with the lack of overtime hours payment every week, and he complained about it on multiple occasions to the owner of the business JORGE E. MENDEZ. He promised Plaintiff to fix the problem.

63. Plaintiff got a wage-rate increase to $16.00 an hour. Nevertheless, on or about December 06, 2020, Plaintiff complained to JORGE E. MENDEZ again. Plaintiff requested not only a wage-rate increase but to be paid for overtime hours.

64. This complaint constituted protected activity under the FLSA.

65. The next day, as a result of Plaintiff's complaints, the owner of the business JORGE E. MENDEZ fired Plaintiff.

66. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

67. There is closed proximity between Plaintiff's protected activity and his termination.

68. The motivating factor which caused Plaintiff's discharge as described above was his complaints seeking unpaid overtime wages from the Defendants. In other words, Plaintiff would not have been discharged but for his complaints about unpaid overtime wages.

69. At the times mentioned, individual Defendant JORGE E. MENDEZ was the owner/president and manager of JEM DRYWALL. Defendant JORGE E. MENDEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of JEM DRYWALL concerning its employees, including Plaintiff and others similarly

situated. Defendant JORGE E. MENDEZ, had financial and operational control of the corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

70. The Defendants' termination of Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

71. Plaintiff ELVIN R. ANDINO has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ELVIN R. ANDINO respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants JEM DRYWALL and JORGE E. MENDEZ that Plaintiff ELVIN R. ANDINO recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants JEM DRYWALL and JORGE E. MENDEZ to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff ELVIN R. ANDINO further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff ELVIN R. ANDINO demands trial by a jury of all issues triable as of right by a jury.

DATED: December 24, 2020,

Respectfully Submitted,

By: /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*